IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Trisha G., )<br>)<br>    *Plaintiff*, )<br>)<br>    v. )<br>)<br>Leland Dudek, )<br>Acting Commissioner of Social Security,[1] )<br>)<br>    *Defendant*. ) | Case No.: 3:22-cv-50107<br><br>Magistrate Judge Margaret J. Schneider |

**MEMORANDUM OPINION AND ORDER**

    Trisha G. ("Plaintiff") brings this action under 42 U.S.C. § 405(g) seeking a reversal or remand of the decision denying her application for disability insurance benefits and social security income. For the reasons set forth below, the Commissioner's decision denying benefits is remanded.

**BACKGROUND**

**A. Procedural History**

    Plaintiff protectively filed for disability insurance benefits and social security income on August 14, 2018, alleging on onset date of March 15, 2018. R. 107-8. Plaintiff's application was denied initially on November 29, 2018, and upon reconsideration on February 21, 2019. R. 120, 154. Plaintiff then requested, and was granted, a hearing before an Administrative Law Judge ("ALJ") which resulted in an unfavorable decision on February 20, 2020. R. 174-194. After Plaintiff requested review, the Appeals Council vacated the hearing decision and remanded the case for a new hearing before an ALJ. R. 197-98. Another hearing was held before ALJ Lewin on July 20, 2021, in which Plaintiff appeared and testified while represented by counsel. R. 33-68. Kari Seaver, an impartial vocational expert ("VE"), also appeared and testified. R. 33.

    On August 3, 2021, the ALJ issued her written opinion denying Plaintiff's claims for disability insurance benefits and social security income. R. 14-26. Plaintiff again appealed the decision to the Appeals Council but was denied on January 24, 2022. R. 2-4. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); Dkt. 8. Now before the Court are Plaintiff's motion to reverse or remand the Commissioner's decision [11], the Commissioner's motion for summary judgment and response to Plaintiff's motion [12], and Plaintiff's reply [15].

---

[1] Leland Dudek is substituted for Martin O'Malley pursuant to Federal Rule of Civil Procedure 25(d).

1

### B. The ALJ's Decision

In her ruling, ALJ Lewin applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 416.920(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity after the alleged onset date of March 15, 2018. R. 16. At step two, the ALJ found that Plaintiff had the following severe impairments: depression; anxiety; obsessive-compulsive disorder (OCD); mood disorder; bilateral carpal tunnel syndrome; fibromyalgia; and obesity. R. 17. The ALJ also considered Plaintiff's testimony about pain in her back and neck, although the ALJ did not find these impairments to be severe for the purposes of this analysis. *Id.* At step three, the ALJ found that none of these impairments or combination of impairments met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id.*

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work with the following limitations: frequent handling/fingering bilaterally; no climbing ladders, ropes, or scaffolds; ability to understand, remember, and carry out instructions for simple routine repetitive tasks with sufficient persistence concentration or pace to timely and appropriately complete such tasks; no fast paced production rate pace, but can meet end of day requirements; ability to tolerate occasional interactions with coworkers, supervisors, and the general public, but no group, tandem or team work and no problem solving tasks with the general public; and ability to make simple work related decisions and adapt to routine workplace changes. R. 19. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 24. In reliance on the VE's testimony, the ALJ found at step five that there were jobs that existed in the national economy that Plaintiff could perform. R. 25. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from the alleged onset date of March 15, 2018, through the date of the decision, August 3, 2021. R. 26.

### STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the

evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## DISCUSSION

Plaintiff challenges the ALJ's decision on the grounds that the ALJ did not support her RFC determination with substantial evidence and conducted a flawed analysis of the medical opinion of LCPC Verkuilen. As discussed below, the Court finds that the ALJ's RFC is not supported by substantial evidence because the ALJ did not adequately explain her finding in the RFC that Plaintiff had the ability to tolerate occasional interactions with co-workers, supervisors, and the general public. Accordingly, the Commissioner's decision is remanded.

Plaintiff argues that the ALJ erred in finding that Plaintiff can "tolerate occasional interactions with coworkers, supervisors and the general public" despite the state agency reviewer's recommendation that Plaintiff be limited to "brief and superficial contact with coworkers and supervisors, [and] no contact with the public." Pl.'s Br. at 11, Dkt. 11 (citing R. 19, 118, 133). Plaintiff contends that the ALJ's RFC determination failed to address this restriction to "superficial" contact, warranting remand for further discussion or analysis. *Id.*

A claimant's RFC is the maximum work she can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); SSR 96-8p, 1996 WL 374184, at *2. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history, medical findings and opinions, reports of daily activities, and the effects of the claimant's symptoms and treatment. 20 C.F.R. § 404.1545(a)(3); SSR 96-8p, 1996 WL 374184, at *5. "Although the responsibility for the RFC assessment belongs to the ALJ, an ALJ… must explain how [s]he has reached [her] conclusion." *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005)). "Essentially, an ALJ's RFC analysis must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (internal quotations and citation omitted). Here, the ALJ has not said enough to allow this Court to review the ALJ's RFC analysis.

At the initial disability determination level, state agency consultant Dr. Cremerius opined that Plaintiff has social interaction limitations that restrict her to "brief and superficial contact with co-workers and supervisors." R. 118. At the reconsideration level, state agency consultant Dr. Fiore found that Plaintiff was able to "tolerate superficial interactions with public, coworkers and supervisors." R. 151. The ALJ specifically noted her finding that the state agency consultants' "psychological findings," that included these restrictions on Plaintiff's ability to handle contact with the general public, were generally persuasive. R. 23-24 ("[O]verall the State agency consultant opinions are consistent with the longitudinal record… [and] made reasonable conclusions, supported by detailed explanation, rationale, and analysis."). The ALJ also included in her summary of these opinions the restriction to "superficial interactions with [the] public." R. 23 ("The State agency psychological consultants determined that claimant is capable of . . . superficial interactions with public, coworkers and supervisors."). The ALJ further explained that the RFC she crafted "accommodates additional limitations" beyond those included in the state agency consultants' opinions. R. 23-24.

3

However, the ALJ did not include any superficial contact limitation in the RFC and, more importantly, did not explain why she omitted such a limitation and replaced it with "occasional interaction." Nor did the ALJ point to any piece of evidence that contradicts this limitation. This omission is problematic given that the ALJ found these opinions to be generally persuasive due to their adequate support and explanation. R. 23-24; s*ee Hurley v. Berryhill*, No. 17 C 421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sep. 5, 2018) (a failure to include a limitation from psychologists' opinion "is especially problematic where there are no contrary medical opinions of record and where the ALJ assigned the psychologists' opinion great weight."). The Seventh Circuit has noted that this distinction between occasional and superficial "*may* not matter for the purposes of the RFC analysis." *Reynolds v. Kijakazi*, 25 F.4th 470, 475 (7th Cir. 2022) (emphasis added). What does matter is that the ALJ must adequately explain how she reached her RFC determination to enable this Court to review her analysis. Because this Court has no way of tracing the path of her reasoning for the change from "superficial interaction" to "occasional interaction," the ALJ has failed to build a logical bridge between the evidence and Plaintiff's RFC in this regard.

The Commissioner further argues that the ALJ is not required to adopt the state agency consultants' RFC verbatim. Def.'s Resp. at 7-8, Dkt. 12. In support of this argument, the Commissioner explains that "the critical question is not whether the ALJ's RFC conclusion matches a medical expert's opinion item-by-item but whether substantial evidence supports what the ALJ ultimately concluded about the claimant's RFC." *Id.* at 8 (citing *Michael B. v. Berryhill*, No. 18 C 236, 2019 WL 2269962, at *6 (N.D. Ill. May 28, 2019)). While the Commissioner is correct that an ALJ does not have to use the same restrictions or language as any one medical opinion in their own RFC, the ALJ must explain how she reached her conclusion to allow for adequate review. *See Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015) ("Without a logical bridge between the evidence and the ALJ's conclusion, we lack a sufficient basis upon which to uphold the ALJ's determination of [Plaintiff's] credibility."). Here, there is no such explanation. As discussed above, the ALJ noted the state agency consultants' inclusion of a restriction to superficial interactions. The ALJ then changed the limitation to occasional interactions with no further comment or explanation regarding the change.

Alternatively, the Commissioner argues that the ALJ simply translated superficial into the more useful term of occasional. Def.'s Resp. at 10, Dkt. 12. In making this argument, the Commissioner relies on several non-precedential cases that the Court does not find convincing in the scenario presented by this case, *i.e.* one where no explanation at all was provided by the ALJ as to why the description of the limitation was changed. If the ALJ was translating superficial into a terminology she believed was more useful, she could have explained that in her Order and this Court would have a basis to review the ALJ's analysis. Instead, no such analysis is present in the ALJ's order.

Finally, the Commissioner argues that the ALJ's inclusion of "no group, tandem or teamwork and no problem-solving tasks with the general public" in her RFC sufficiently accounts for any limitation there may be on the quality of interactions. Def.'s Resp. at 11, Dkt. 12. Once again, the ALJ did not explain if this was her way of translating a limitation in superficial interactions into a restriction that more readily fits into the framework of the Dictionary of Occupational Titles. And again, this Court cannot properly review an ALJ's decision if it is not adequately explained. This inability to review the ALJ's decision further warrants remand.

In remanding this case, the Court is not opining that Plaintiff is disabled, that the language in the RFC fails to adequately account for any limitations, or even that Plaintiff must be restricted to superficial contact. This Court is simply requiring that the ALJ's RFC analysis be adequately supported and explained. Plaintiff has raised other arguments, but further analysis of these issues is not necessary because they would not change the result here and can be addressed more fully on remand. Plaintiff's counsel should raise all such issues with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse or remand the Commissioner's decision is granted, and the Commissioner's motion for summary judgment is denied. The Commissioner's decision is reversed, and the case is remanded for further proceedings consistent with this opinion. Final judgment will be entered accordingly.

Date: March 7, 2025                                Enter: /s/ Margaret J. Schneider
                                                          Margaret J. Schneider
                                                          United States Magistrate Judge